131 F.3d 145
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Jorge L. CALDERON, Petitioner-Appellant,
v.
Robert BORG, Warden; K.L. Prunty, Respondents-Appellees.
 No. 96-17000.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Oct. 7, 1997.
Decided Oct. 22, 1997.
 
 Appeal from the United States District Court for the Northern District of California, No. CV-92-00706-CAL; Charles A. Legge, District Judge, Presiding.
 BEFORE: SNEED, SCHROEDER, and BRUNETTI, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Petitioner, Jorge L. Calderon, brought a petition for habeas corpus alleging instructional error at trial. We review de novo and overturn the District Court's decision only if the alleged error had a substantial and injurious effect on the trial as a whole. Brecht v. Abrahamson, 507 U.S. 619, 637 (1993).
 
 
 3
 Petitioner requested an instruction on justifiable homicide while resisting the attempt of a forcible or atrocious crime, namely, false imprisonment by violence or menace.
 
 
 4
 Before an instruction can be given it must have some basis in law and evidence must be presented on all elements of the defense. U.S. v. Sotelo-Murillo, 887 F.2d 176, 178 (9th Cir.1989).
 
 
 5
 Under California law the petitioner was not entitled to the requested instruction. He presented only minimal and insubstantial evidence of false imprisonment, therefore the trial court was not required to instruct on its effect. People v. Flannel, 25 Cal.3d 668 (1980).
 
 
 6
 Similarly, petitioner was not entitled to an instruction on justifiable homicide when his evidence did not support an imminent fear of death or serious bodily harm. California law requires an imminent fear of death or serious bodily harm in order to justify a homicide. People v. Ceballos, 12 Cal.3d 470 (1974). The use of deadly force to avoid a future fear is contrary to California law. People v. Aris, 215 Cal.App.3d 1178, 1190 (1989).
 
 
 7
 The interpretation of California law in this case was not untenable or a subterfuge to deny petitioner his Constitutional rights. Therefore, this Court bows to California's interpretation. Knapp v. Cardwell, 667 F.2d 1253 (9th Cir.1982).
 
 
 8
 Because petitioner did not testify to facts which constitute a defense under California law, it was not error to refuse the instruction.
 
 
 9
 Petition for habeas corpus DENIED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3